IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GINA RAMIREZ                                                                                              PLAINTIFF

v.                                              No. 5:16-CV-05164

BOST, INC. and JAMES MAGINOT                                                             DEFENDANTS

## OPINION AND ORDER

The complaint in this case was filed on June 30, 2016. Plaintiff Gina Ramirez asserted unpaid wage and overtime claims under the Fair Labor Standards Act and the Arkansas Minimum Wage Act, as well as state law claims for negligence, false imprisonment, and outrage. Plaintiff did not present summons for issuance at that time. On September 15, 2016, the Clerk entered notice on the docket that no proof of service had been filed. On September 26, 2016, summons were presented to the Clerk, and were signed, sealed, and issued for service. (Doc. 4). On September 27, 2016, Plaintiff filed a motion (Doc. 5) to extend the time to obtain service under Federal Rule of Civil Procedure 4(m). The motion stated that certified mail attempts were returned unsuccessful,[1] and that a process server had been obtained to effect personal service. A two-week extension was granted by text only order that same day. On October 11, 2016, Plaintiff filed proof of personal service of Defendants at the same addresses to which summons were initially issued. (Docs. 6 and 7).

On October 28, 2016, Defendants appeared and filed an answer. The Court entered an initial scheduling order (Doc. 11) on October 31, 2016, setting a deadline of December 7, 2016 for the parties to submit their joint Rule 26(f) report. On November 23, 2016, Defendants served

---

[1] The short time between when summons were issued and the motion was filed claiming certified mail was returned provokes skepticism that an attempt to serve by mail was ever made.

1

Plaintiff with their first set of Requests for Production under Rule 34.[2]  On December 7, Defendants, who had been unable to contact Plaintiff's counsel, filed a Rule 26(f) report (Doc. 12) communicating that difficulty.  On December 16, 2016, the Court entered a final scheduling order. (Doc. 13).  Plaintiff did not make initial disclosures within 14 days of the Rule 26(f) meeting deadline of December 7, 2016, as is required by Rule 26(a)(1)(C).  Plaintiff also did not respond to the first set of Requests for Production within 30 days of December 7, 2016, as is required by Rule 34(b)(2)(A).  On February 8, 2017 Defendants filed a motion (Doc. 14) for sanctions and brief in support (Doc. 15).  No response was filed.

The motion asks the Court to sanction Plaintiff under Rules 16(f)(1)(B) and 37(b)(2)(A) for not participating in the Rule 26(f) conference; under Rule 37(c)(1)(C) for not making initial disclosures as required by Rule 26(a); and under Rule 37(d)(1)(A)(ii) for not serving answers, objections, or a written response to the first set of Requests for Production.  Defendants request that the Court dismiss the action, as permitted by Rule 37(b)(2)(A)(v), or in the alternative compel initial disclosures and responses to the requests for production under 37(a)(3).  Defendants also request reasonable fees and costs associated with the motion under Rule 37(a)(5)(A).

The Court scheduled an in-court hearing on the motion for February 23, 2017, at 1:30 PM. The Court intended at that time to conduct a Rule 16 pretrial conference, as well.  In preparing for that hearing, the Court's law clerk sent an email to all counsel, inquiring which attorneys would appear, and whether any party or party's representative would be present.  While counsel for Defendants received the email, the Court's law clerk received a "delivery failure" message for

---

[2] Pursuant to Rule 26(d)(2)(B), these Requests would be considered served at the Rule 26(f) conference.  Because that never occurred, the Court considers them served as of December 7, 2016—the deadline for that conference.

Plaintiff's counsel's email address.[3]  Shortly thereafter, the Court's law clerk received an email from Plaintiff's counsel, who was using an email address[4] provided through Google's gmail service.  Plaintiff's counsel wrote:

> Good afternoon,
>
> I am no longer a practicing attorney in Arkansas and have been unsuccessful at finding someone to take over my clients [sic] cases or at finding someone to enter their appearance on my behalf to move for my withdrawal of cases from health problems.
>
> I currently don't have access to my client's files, including knowing what opposing counsel to contact to inform them why their discovery went unanswered, and my Internet access is currently limited. If the Court could provide me with their contact information, I may be able to contact them and inform them of the above.
>
> Sincerely,
>
> D. Ryan Mullenix

The Court's law clerk replied with contact information for counsel for Defendants. Because it appeared at that point that Plaintiff's counsel was unlikely to appear at the hearing, the Court reset the time and scheduled the matter for a telephonic hearing.  Electronic notice of the reschedule was sent to the gmail address used by Plaintiff's counsel.  The Court also sent access information for dialing into the telephonic hearing to all counsel.  While that email was sent to Plaintiff's counsel's mullenixfirm.com email address, the Court reasoned based on Plaintiff's counsel's response to the law clerk's email that the mullenixfirm.com email address was forwarding email to the gmail address.  Counsel for Plaintiff did not appear at the hearing.

At the hearing, the Court stated on the record its intent to grant the motion to sanction

---

[3] The error message indicated that multiple DNS queries were attempted for the mailserver "mail.mullenixfirm.com," and that these queries failed.  A subsequent attempt to access "www.mullenixfirm.com" on the Internet called up a blank webpage.

[4] "woopigsueme@gmail.com"

Plaintiff with dismissal of her action. Plaintiff, through her counsel, has failed to comply with the scheduling order, has not made Initial Disclosures, has not responded to Requests for Production, and has not participated in scheduled conferences. Furthermore, Plaintiff's counsel has not responded to communications from counsel for Defendants, and appears to have misled the Court with respect to the requested extension of time to serve under Rule 4(m). As stated at the hearing, it is the Court's view that all of these deficiencies are the result of willful decisions by Plaintiff's counsel. Because Plaintiff's counsel is at fault here, the Court will dismiss without prejudice so that Plaintiff may seek out diligent and competent counsel should she wish to pursue her claims.

Because the Court has found that Plaintiff's counsel is at fault for the sanctionable conduct, and because Defendants' motion for sanctions is being granted, reasonable fees and costs must be assessed against Plaintiff's counsel, Donald Ryan Mullenix. <u>Defendants are directed to file a brief by March 10, 2017 itemizing their fees and costs incurred in bringing this motion for sanctions. Donald Ryan Mullenix may respond within 7 days after any such filing.</u>

IT IS THEREFORE ORDERED that Defendants' motion for sanctions (Doc. 14) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to mail a copy of this order and the accompanying judgment to Plaintiff Gina Ramirez at P.O. Box 1151, Bentonville, AR 72712. On Plaintiff's request, the Clerk will also provide one copy of each document filed in this case to Plaintiff at no cost to her.

Judgment will be entered accordingly.

IT IS SO ORDERED this 27th day of February, 2017.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE